IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

SHAWN DOSS,                                                                                          PETITIONER

v.                                              CIVIL ACTION NO.: 1:13cv172-SA-JMV

TIMOTHY OUTLAW and ATTORNEY GENERAL
OF THE STATE OF MISSISSIPPI,                                                               RESPONDENTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the pro se petition of Shawn Doss, a Mississippi inmate housed at the Marshall County Correctional Facility, in Holly Springs, Mississippi, for a writ of habeas corpus under 28 U.S.C. § 2254. Respondents have moved to dismiss the petition as time-barred pursuant to 28 U.S.C. § 2244. Petitioner has not responded to the motion to dismiss, and the time to respond has expired. For the reasons set forth below, Respondents' motion is granted, and the instant petition will be dismissed with prejudice.

**Facts and Procedural History**

On November 18, 2008, Petitioner pleaded guilty to one count of possession of marijuana, greater than thirty grams, with intent to sell in the Circuit Court of Lowndes County, Mississippi. On November 21, 2008, he was sentenced as an enhanced offender, pursuant to Miss. Code Ann. § 41-29-139 and § 41-29-147, to serve fifty years in the custody of the Mississippi Department of Corrections. (*See* Resp'ts Mot., Ex. A). On or about November 16, 2011, Petitioner filed a motion for post-conviction relief in the Circuit Court of Lowndes County. (*See id.*, Ex. B). That court denied Petitioner's motion, and he subsequently filed an appeal in the Mississippi Supreme Court. (*See id.*, Ex. C). On November 27, 2012, the

1

Mississippi Court of Appeals affirmed the judgment of the circuit court in a written opinion. (*See id.*, Ex. D); *see also Doss v. State*, 119 So. 3d 1070 (Miss. Ct. App. 2012), *reh'g denied*, April 30, 2013, *cert. denied*, Aug. 22, 2013 (Cause No. 2011-CP-01870-COA). Petitioner filed the instant federal habeas action on or about September 16, 2013.

On November 15, 2013, Respondents filed a motion to dismiss the instant action, arguing that the petition is untimely under 28 U.S.C. § 2244(d). Petitioner did not respond to the motion.

**Legal Standard**

The instant petition for writ of habeas corpus is subject to the statute of limitations of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003). The issue of whether Respondent's motion should be granted turns on the statue's limitation period, which provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S. C. § 2244(d)(1). The federal limitations period is tolled while a "properly filed application for State post-conviction or other collateral review" is pending. *See* 28 U.S.C. § 2244(d)(2). In "rare and exceptional circumstances," the limitations period may be equitably tolled. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted).

## Analysis

Under Mississippi statutory law, there is no direct appeal from any guilty plea taken after July 1, 2008. *See* Miss. Code Ann. § 99-35-101; *see also Seal v. State*, 38 So. 3d 635 (Miss. Ct. App. 2010). Petitioner entered a guilty plea in November 2008. Therefore, Petitioner's conviction became final on November 21, 2008, when he was sentenced on his guilty plea. *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003) (holding that a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review").[1] Absent statutory or equitable tolling, Petitioner's petition for federal habeas relief was due on or before November 23, 2009, to be deemed timely.[2]

By the time Petitioner filed for post-conviction relief in State court on November 16, 2011, the federal statue of limitations had already run against him. As such, he is not entitled to statutory tolling of the federal statute of limitations during the pendency of his post-conviction motion. Petitioner's federal habeas petition was "filed" sometime between the date it was signed on September 9, 2013, and the date it was stamped "filed" by this Court on September 16, 2013. *See Coleman v. Johnson,* 184 F.3d 398, 401 (5th Cir. 1999) (holding that the "mailbox rule"

---

[1] The exceptions in § 2244(d)(1)(B-D) are inapplicable in this case.

[2] November 21, 2009, fell on a Saturday. Therefore, Petitioner's federal habeas petition would have been due on or before the next business day, which was Monday, November 23, 2009.

3

deems a pro se prisoner's petition filed on the date it is delivered to prison officials for mailing).

As his federal habeas petition was filed well beyond the AEDPA deadline, federal habeas relief is available to Petitioner only if he can demonstrate that his case involves "rare and exceptional circumstances" that would warrant an equitable tolling of the limitations period. *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (citations omitted). Petitioner cites no such circumstances, and the Court finds that equitable tolling is not warranted in this case. Accordingly, the instant petition must be dismissed as untimely.

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court must issue or deny a certificate of appealability ("COA") upon the entry of a final order adverse to the petitioner. Petitioner must obtain a COA before appealing this Court's decision denying federal habeas relief. *See* 28 U.S.C. § 2253(c)(1). Because Petitioner's petition for writ of habeas corpus is rejected on procedural grounds, Petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" in order to obtain a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying this standard, the Court concludes that a COA should be denied in this case.

## Conclusion

For the reasons set forth in this opinion and order, the Court **GRANTS** Respondents' "Motion to Dismiss Pursuant to § 2244(d)" (doc. no. 5) and **DISMISSES** with prejudice the petition filed in this cause. The Court **DENIES** a COA, as Petitioner failed to show his petition timely and to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. §

4

2253(c)(2). Any pending motions are **DISMISSED AS MOOT**. A separate judgment in accordance with this opinion and order will enter today.

**SO ORDERED** this the 31st day of January, 2014.

                                               **/s/ Sharion Aycock**
                                               **U.S. DISTRICT JUDGE**